IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHEILA GRAHAM,                        :    CIVIL ACTION
                                      :    NO. 11-239
          Plaintiff,                  :
                                      :
     v.                               :
                                      :
MORAN FOODS, INC.,                    :
                                      :
          Defendant.                  :


                        M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                 MAY 18, 2012

     Sheila Graham ("Plaintiff") brings this premises-liability action after she fell at a Save-A-Lot store operated by Moran Foods, Inc. ("Defendant"). Defendant moved for summary judgment. For the reasons that follow, the Court will grant the motion because, as a matter of law, Defendant did not owe Plaintiff a duty to prevent harm from an obvious condition.


I.   **BACKGROUND**[1]

     On August 15, 2009, at approximately 10:39 a.m., Plaintiff tripped over a pallet and fell while grocery shopping with her family at a Save-A-Lot store in Philadelphia, Pennsylvania. Compl. ¶ 6; Graham Dep. 18:6-7, July 11, 2011;

---

[1] The Court views the facts in the light most favorable to the Plaintiff and draws all reasonable inferences in Plaintiff's favor.

Howard Dep. 40:7-9, May 25, 2011. Plaintiff walked toward a freezer, while pushing a shopping cart, to view items that were on sale. Graham Dep. 21:21-24, 23:2-4. Plaintiff heard the voice of another customer behind her say, "excuse me." Id. at 22:1-5, 24:21-24. Plaintiff glanced behind her and started to step backwards with her shopping cart. Id. at 24:23-24, 25:1-13. Before stepping backwards, Plaintiff did not look to see if there were any obstructions in her way. Id. at 25:12-16. Plaintiff took about four or five steps backwards and tripped on a pallet on the floor. Id. at 22:11-16, 24:21-24, 26:5-8, 27:1-5. Plaintiff fell flat back onto the pallet and food items on the pallet. Id. at 29:4-30:22.

      Plaintiff walked past the pallet on her way to the freezer but did not see the pallet before falling.[2] Id. at 22:20-24, 25:14-16. The pallet was stacked with cases of canned food at different heights and spaced out over the pallet. Id. at 22:12-16. The stacks ranged from about two to five cases high. Id. Defendant used the pallets either to display merchandise or to load and unload merchandise. Howard Dep. 11:13-12:4. The store manager on duty during the incident, Brittney Howard, viewed a photograph of the pallet in question and testified

---

[2] Plaintiff testified that she "wasn't paying [the pallet] no attention. [She] saw a sale and that's straight where [she] was going." Graham Dep. 22:23-24:1.

2

that, based on the arrangement of the merchandise on the pallet, an employee was using the pallet to stock merchandise on the shelves. Id. at 12:11-13; id. Ex. 2; Mot. for Summ. J. Ex. B. Furthermore, every two hours, employees at the store perform "sweeps" to check for hazardous conditions throughout the store. Howard Dep. 34:18-4. The last sweep was performed at 10:00 a.m., approximately thirty-nine minutes before Plaintiff's fall. Id. at 40:7-12; id. Ex. 3.

Following the incident, Plaintiff spoke to Howard. Graham Dep. 32:15-34:19. Plaintiff and Howard signed a customer statement form following the incident. Id. at 33:7-8; Howard Dep. 21:3-11. Plaintiff experienced pain in her ankle and leg shortly after the incident, and experienced worsening pain and injury, particularly in her lower back, following her fall and continuing to the present. Graham Dep. 32:19, 36:8-94:14.

## II. PROCEDURAL HISTORY

On January 13, 2011, Plaintiff filed a complaint against Defendant[3] alleging one count of negligence and seeking damages in excess of $150,000. Compl. ¶¶ 7-12. On February 2, 2011, Defendant answered. Answer 1.

---

[3] The Complaint originally named "Supervalu, Inc. t/a Save-A-Lot" as a defendant. The parties later stipulated, and the Court approved, that the proper defendant is "Moran Foods, Inc. d/b/a Save-A-Lot, Ltd." Order 1, Mar. 4, 2011.

Following discovery, Defendant moved for summary judgment. Mot. for Summ. J. 1. Plaintiff responded. Pl.'s Resp. 1. And Defendant replied. Def.'s Reply 1. The matter is now ripe for disposition.[4]

**III. LEGAL STANDARD**

Summary judgment is appropriate if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Court will view the facts in the light most favorable to the nonmoving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine

---

[4] The Court has diversity jurisdiction over Plaintiff's claim. See 18 U.S.C. § 1332(a)(1) (2006).

4

issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party, who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

**IV. DISCUSSION**

Defendant moves for summary judgment on Plaintiff's negligence claim because the pallet created an open and obvious condition for which Defendant did not owe Plaintiff a duty. The standard of care a possessor of land owes in a premises-liability action depends on whether the entrant is a trespasser, licensee, or invitee. E.g., Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983). The parties do not dispute that Plaintiff was an invitee. See Campisi v. Acme Mkts., 915 A.2d 117, 119 (Pa. Super. Ct. 2006) (grocery store customer treated as invitee); see also Wooley v. Great Atl. & Pac. Tea Co., 180 F. Supp. 529, 531 (W.D. Pa. 1960) ("The owner of a self-service [grocery] store has a duty to stack 10-ounce cans of soup in such places and in such manner that they will not create an unreasonable risk of harm to business invitees and their children."). As

such, Defendant owed Plaintiff the highest duty of care owed to any entrant. See, e.g., Carrender, 469 A.2d at 123-24.

A possessor of land owes a general duty to protect an invitee from foreseeable harm. See id. at 123 (citing Restatement (Second) of Torts §§ 341A, 343 & 343A (1965)). The possessor owes a duty to invitees to protect against known dangers and also those dangers that the possessor may discover through the exercise of reasonable care.[5] Id. But a possessor of land is not liable to invitees "'for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.'" Id. (quoting Restatement (Second) of Torts § 343A).

---

[5] Specifically, a possessor of land is liable for harm caused to an invitee by known or discoverable conditions only if the possessor:

> "(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger."

Carrender, 469 A.2d at 123 (quoting Restatement (Second) of Torts § 343).

A danger is obvious when "'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.'" Id. at 123-24 (quoting Restatement (Second) of Torts § 343A cmt. b). And a danger is known when it is "'known to exist'" and "'recognized that it is dangerous and the probability and gravity of the threatened harm [is] appreciated.'" Id. at 124 (quoting Restatement (Second) of Torts § 343A cmt. b). "Although the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion." Id. (citing Restatement (Second) of Torts § 328B cmts. c, d).

In Carrender, a patient of the defendant chiropractor parked her vehicle next to another parked vehicle. Before exiting her vehicle, the patient testified, she observed a smooth sheet of ice covering the surface of the parking lot between the vehicles. Despite the availability of other parking spaces, the patient did not move her vehicle and chose instead to traverse the slippery surface, successfully, to the chiropractor's entrance. On return to her vehicle after the appointment, however, the patient slipped on the ice and fell while reaching into her pocketbook for keys. The patient's testimony and lack of evidence that the patch of ice would go

7

unnoticed by the patient or any other patients established that the icy condition was known and obvious as a matter of law. Carrender, 469 A.2d at 123-24.

And in Campisi, a grocery store customer tripped over a blind employee's guide cane as the customer rounded the corner of a parallel aisle to the aisle the employee navigated. The Pennsylvania Superior Court affirmed entry of judgment notwithstanding the verdict in favor of the store because the store did not owe a duty to warn of foreseeable risks posed by a disabled employee. Campisi, 915 A.2d at 118, 121. With regard to a grocery store customer's duty of care, the court remarked:

> A grocery store, with its aisles bordered by high shelves stacked with merchandise, naturally presents the danger of a large blind spot as customers exit an aisle. Whether the hazard is a shopping cart that suddenly juts out, a customer's foot, or someone's cane, customers must constantly be on alert for obstacles when exiting a grocery store aisle. The likelihood of danger further increases when a customer rounds the corner of an aisle directly toward the end of the adjacent aisle, as [the customer] did here. Thus, we would consider a customer's duty of ordinary care to include looking for obstacles before exiting an aisle. See Restatement (Second) of Torts § 343A (property owners have no duty to protect invitees from known or obvious dangers avoidable by exercise of ordinary care).

Id. at 121 (emphasis in original). Because there is a reasonable likelihood that a grocery store customer could encounter a disabled person while shopping, the hazard created by the blind

employee's guide cane was a known or obvious condition. Id. at 121.

     Here, reasonable minds could not differ in the conclusion that the pallet was a known or obvious condition. Plaintiff walked by the pallet before she tripped over it in an attempt to back out of the way of another customer. Although Plaintiff did not have the subjective knowledge of the dangerous condition prior to her fall as did the patient in Carrender, a reasonable person in Plaintiff's position, exercising normal perception, would have observed the pallet and merchandise and the potential tripping hazard they created. Furthermore, Plaintiff testified that she was not paying attention to the pallets and did not look to the floor space behind her before taking steps backwards. The Pennsylvania Superior Court in Campisi noted that grocery store customers must constantly be on alert when exiting a grocery store aisle because of the blind spots the aisle and stacked merchandise create. In a similar respect, grocery store customers should exercise similar or, perhaps, more caution, when taking steps backwards with a shopping cart.

     Plaintiff contends that she was distracted from the pallet because of sale signs in the store.[6] This argument is

---

[6]    Plaintiff proffers an expert report finding that the pallet created a dangerous condition and that Defendant should

unavailing. Even if sale signs and displays distracted Plaintiff from the pallet when she passed it on her way to the freezer, Plaintiff would have seen the pallet had she looked behind her to ensure that the path was clear to take steps backwards. "It is hornbook law in Pennsylvania that a person must look where he is going." Villano v. Sec. Sav. Ass'n, 407 A.2d 440, 441 (Pa. Super. Ct. 1979). Moreover, sale signs and displays do not alleviate Plaintiff's obligation to watch for obstacles and hazards. See Campisi, 915 A.2d at 121 ("[J]ust as drivers are not relieved of responsibility for accidents if they are distracted by billboards, customers are not relieved of the responsibility of watching for obstacles while they walk, even if they are distracted by sales displays.").

In Rogers v. Max Azen, Inc., 16 A.2d 529 (Pa. 1940), a customer shopping at the defendant fur store tripped over the base of a staircase banister and fell. The customer testified that, although it was plainly visible, she never looked down at the base before she fell and that she first saw the base on which she tripped after she fell. The Pennsylvania Supreme Court characterized the customer's testimony as follows:

> Disclosing, as it does, thoughtless inattention to her surroundings and a complete failure to be duly observant of where she was stepping, this testimony

---

have foreseen that sale and merchandise displays would distract a customer in Plaintiff's position. See Pl.'s Resp. Ex. C.

10

> leaves no room for speculation as to the sole cause of [the customer's] injuries. It brings the case within the rule that where one is injured as the result of a failure on his part to observe and avoid an obvious condition which ordinary care for his own safety would have disclosed, he will not be heard to complain.

Rogers, 16 A.2d at 531. The court noted that, although in certain circumstances customers are required to pay less attention to the placement of their feet when distracted by goods on display,[7] such circumstances were not present because the customer's testimony indicated that she did not look where she placed her foot while climbing the stairs. Id. Thus, Rogers teaches that while the existence of potentially distracting store displays sometimes enters the inquiry of whether a hazard is obvious, it does not excuse a customer's complete failure to look where she is going when placing her feet. This teaching is especially poignant where, as here, a customer takes steps backwards without looking.

---

[7] See, e.g., Zito v. Merit Outlet Stores, 647 A.2d 573, 575 (Pa. Super. Ct. 1994) (holding that jury could find store owner liable in slip-and-fall case when customer presented evidence that "defendants created an environment which was designed to attract shoppers [sic] attention to various displays"); Lissner v. Wal-Mart Stores E., L.P., No. 07-414, 2009 WL 499462, at *3 (W.D. Pa. Feb. 27, 2009) (denying summary judgment because reasonable minds could differ as to obviousness of hazard on floor of store based on size and location of hazard and expert testimony that condition is beyond reasonable person's gaze where surrounding environment designed to divert attention toward merchandise).

Like the customer in Rogers, who testified that she did not look at the base of the banister before placing her foot, Plaintiff, here, testified that she was not paying attention to the pallet when she walked by it on her way to the freezer. Plaintiff now asserts the displays distracted her attention from the floor. But, under the facts of record in this case, Plaintiff is not relieved from her burden of exercising ordinary care because she failed to observe and avoid an obvious condition by not looking behind her before taking steps backwards. Whether she was distracted by the displays on her way to the freezer is immaterial to Plaintiff's failure to look behind her before taking steps backwards.

As a matter of law, the pallet was an obvious condition that Plaintiff failed to avoid by exercising ordinary care. Therefore, Defendant did not owe Plaintiff a duty under the facts of this case. See Carrender, 469 A.2d at 124.

**V.   CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's Motion for Summary Judgment. An appropriate order will follow.